Richard A. Cirillo
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212-556-2100
Direct:      212-556-2337
Telecopier: 212-556-2222
E-mail: rcirillo@kslaw.com

JUDGE CASTEL

# 11 CIV 3977

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KING & SPALDING LLP,

                    Plaintiff,

        v.

HASHIM DJOJOHADIKUSUMO and PT
KERTAS NUSANTARA,

                    Defendants.

Civil Action No.

RECEIVED
JUN 10 2011
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT FOR ACCOUNT STATED, BREACH OF CONTRACT, QUANTUM MERUIT, AND UNJUST ENRICHMENT**

The plaintiff, King & Spalding LLP, complains of the defendants as follows:

## THE PARTIES

1.      The plaintiff is a limited liability partnership organized under the laws of the State of Georgia, United States, authorized to do business and doing business in New York City at 1185 Avenue of the Americas, Suite 3400, New York, New York 10036-4003. The plaintiff is recognized as a leading law firm in international and domestic arbitration matters.

2.      Defendant Hashim S. Djojohadikusumo (hereinafter "Mr. Hashim") is an individual who, upon information and belief, is a citizen of the Republic of Indonesia; an owner of substantial interests in and one of the controlling persons of PT Kertas Nusantara, an

13149362_5.DOC

Indonesian pulp manufacturer, and has offices in several locations, including at the headquarters of defendant PT Kertas Nusantara in Jakarta, Indonesia.  Mr. Hashim, upon information and belief, also is chairman and president of Nations Petroleum Co. Ltd, a private company engaged in international oil and gas exploration and production projects and has served as Chairman and Chief Executive of Cibinong Cement Co. Ltd. and PT Prima Comexindo; as shareholder and director of banks including Bank Niaga and Bank Papan Sejahtera; as Chairman of the Board and President of Nations Energy Company Ltd.; as Chairman of the CIS/Russia Committee of the Indonesian Chamber of Commerce & Industry; as a member of the Board of Directors of the International Chamber of Commerce, Paris, France; as Special Envoy of the President of Indonesia to Europe and the CIS with the rank of Ambassador; President Director of P.T. Batu Hitam Perksas ("PT BHP"), an Indonesian limited liability company established in 1989 to utilize the coal supply expertise of its shareholders for the development of PT Paiton PT BHP; as President Director of P.T. Tirtamas Majutama; as President Commissioner of PT Grafen Invesindo Finance; as President Commissioner of P.T. Indonesian Bulk Terminal and Director of P.T. Adaro Indonesia; as a former employee of Lazard Frères & Cie; and as an advisor to Merrill Lynch & Co.; holds a degree in economics and political science from Pomona College in California; and he was included in FORBES Asia's 2010 list of Indonesia's 40 Richest, with an estimated net worth of $500 million.

3.    Defendant PT Kertas Nusantara (hereinafter "PTKN") is an Indonesian company formed in or about 1990 under the name PT Kiani Kertas, and has its headquarters address at 9th-10th Floors, Menara Bidkara, J1 Jend Galot Subroto, Kav 71-73, Jakarta 12870, Indonesia. Upon information and belief, PTKN owns and manages a world-class market pulp mill in Kalimantan, Timur, and forest concessions in Kalimantan.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiff and both defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue is proper in this district under 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## RETENTION OF THE PLAINTIFF BY THE DEFENDANTS

6.      During 2008, Mr. Hashim, through his personal general counsel, Ms. Maria Foley (hereinafter "Ms. Foley"), contacted and engaged the plaintiff to provide legal advice to Mr. Hashim and PTKN in connection with, and to represent PTKN as the respondent in, an arbitration proceeding in New York, New York, brought before the American Arbitration Association (hereinafter "AAA") by a Swedish company named Ekman & Co, AB, represented principally by Duane Morris, LLP, a law firm with offices in New York, New York, and to evaluate claims against PTKN as the respondent in an arbitration proceeding in Singapore brought before the Singapore International Arbitration Centre (hereinafter "SIAC") by a Channel Islands trust named Ekman Trust, represented principally by the Singapore law firm of Rajah & Tann.

7.      Mr. Hashim's personal general counsel, Ms. Foley, upon information and belief, is an attorney admitted as a Barrister and Solicitor of the Supreme Court of Victoria and the High Court of Australia in 1992 and a member of the International Bar Association, and has legal and business experience in advisory and transactional work in corporate and finance, including mergers and acquisitions, loan transactions and debt issues, commercial dispute resolution and

litigation, projects and infrastructure, tax, competition, intellectual property, corporate governance, and compliance.

8.    During 2009, Mr. Hashim, through his personal general counsel, Ms. Foley, and Mr. Bambang S. Atmadja, PTKN's Chief Financial Officer and later President Director (Chief Executive Officer), engaged the plaintiff also to advise Mr. Hashim and PTKN in connection with, and to represent PTKN in, the SIAC arbitration proceeding.

9.    The plaintiff and Mr. Hashim, through his personal general counsel, Ms. Foley, and PTKN through Mr. Bambang and Mr. Vidyanka, PTKN's Chief Legal Officer, agreed that the plaintiff would be compensated for its services at the normal hourly rates charged by the plaintiff for the attorneys, paralegals, and document clerks assigned to the AAA and SIAC matters and reimbursement of the ordinary and necessary expenses incurred by the plaintiff in the course of that work.

### THE PLAINTIFF'S SERVICES TO THE DEFENDANTS

10.    During 2008, 2009, and until June 10, 2010, the plaintiff advised Mr. Hashim and PTKN in connection with, and represented PTKN in the AAA and SIAC arbitrations, in a petition to the Supreme Court of the State of New York to vacate the AAA arbitrators' award issued in July 2009, and in filing a notice of appeal to the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, of the Supreme Court's from the denial of PTKN's petition to vacate the arbitrators' award.

11.    During 2008, 2009, and until early in 2010, Mr. Hashim, directly and through his personal general counsel, Ms. Foley, and PTKN's officers, employees, agents, including but not limited to Mr. Bambang, and Mr. Vidyanka, and PTKN's local counsel in Jakarta, Indonesia, and Singapore, provided information, documents, and instructions to the plaintiff necessary for the

plaintiff to provide the requested advice and representation and advance the defendants' defenses.

12.     In December 2009, the plaintiff met with Messrs Hashim, Bambang, Vidyanka and others.   During that meeting, Mr. Hashim acknowledged the indebtedness owed to the plaintiff, promised that payments to reduce and eliminate the indebtedness would be made beginning that month; directed Messrs Bambang, Vidyanka, and others to provide to the plaintiff the information and documents pertinent to the AAA and SIAC arbitrations requested and necessary for the plaintiff to advise the defendants and advance their defenses; and instructed the plaintiff as to the goals he and PTKN wished to achieve in the AAA and SIAC arbitration matters.

13.     The defendants did not make any payments to the plaintiff to reduce and eliminate their indebtedness in December 2009 or thereafter.

14.     During December 2009 and thereafter, the defendants also failed to provide to the plaintiff repeatedly requested information, documents, and instructions necessary for the plaintiff to provide the requested advice and representation and advance the defendants' defenses.

15.     On June 10, 2010, after written notice to the defendants, the plaintiff withdrew from its representation in the SIAC arbitration and, on June 11, 2010, moved to withdraw from the appeal to the Appellate Division, First Department, due to the defendants' failure to pay or make arrangements to pay the plaintiff's past and future fees and expenses and due to the defendants' failure to provide information, documents, and instructions necessary to provide the requested advice and representation and advance the defendants' defenses.

16.     The plaintiff carried out its professional duties to the defendants in accordance with professional standards.

## THE DEFENDANTS' FAILURE TO PAY FOR SERVICES AND EXPENSES

17.     The plaintiff rendered detailed invoices for its services and expenses. Each invoice that the plaintiff sent to the defendants set out the identities of the attorneys, paralegals, and document clerks who performed services for the defendants, the dates services were performed, the amount of time devoted to performing the services on each date, the billing rates of those performing the services, a summary of the services provided on each date, and the specific expenses incurred in performing the services.

18.     The amounts of the invoices reflect the reasonable and necessary fees and expenses incurred in the plaintiffs' work for the defendants at the normal rates for the attorneys, paralegals, and document clerks assigned provide advice and representation in connection with the AAA and SIAC arbitrations and the actual cost of expenses incurred.

19.     The defendants acknowledged receipt of the plaintiff's invoices, retained the invoices, and made no objection to the invoices

20.     The defendants paid the first invoice sent by the plaintiff. The defendants did not pay the subsequent invoices.

21.     The plaintiff made repeated demands upon the defendants for payment of its outstanding invoices to Mr. Hashim directly and through his personal general counsel, Ms. Foley, and to PTKN through Mr. Bambang and Mr. Vidyanka and others.

22.     The defendants acknowledged and made no objection to any of the plaintiffs' invoices.

23.     During 2009 and 2010, the plaintiff also made repeated requests to the defendants in correspondence, telephone conferences, and at a meeting December 2009 with Messrs. Hashim, Bambang, Vidyanka, and others, for information, documents, and instructions necessary

for the plaintiff to provide the requested advice and representation and advance the defendants' defenses. The defendants acknowledged receipt of the plaintiffs' requests for information, documents, and instructions necessary for the plaintiff to provide the requested advice and representation and advance the defendants' defenses. The defendants did not provide the information, documents, and instructions requested by the plaintiff.

24.     The defendants received and retained the benefit of the plaintiff's professional services and the expenses the plaintiff incurred in the course of its work for the defendants.

25.     The reasonable value of the services the plaintiff provided to the defendants is equal to at least the amount of its invoices, which reflect the normal hourly rates charged by the plaintiff for the work of its attorneys, paralegals, and document clerks and the actual costs of its expenses incurred in the course of the plaintiff's work for the defendants.

26.     The plaintiff's invoices remain unpaid despite repeated demands for payment.

27.     The plaintiff performed all conditions precedent to payment.

28.     The defendants have no legally cognizable excuse, defense, or justification for not having paid the plaintiff's unpaid invoices or for not providing the plaintiff with the information, documents, and instructions necessary for the plaintiff to provide the requested advice and representation and advance the defendants' defenses.

29.     The plaintiff pleads the following claims cumulatively and in the alternative.

## FIRST CLAIM: ACCOUNT STATED

30.     The plaintiff repeats and incorporates by reference all other paragraphs of this complaint.

31.     The plaintiff's invoices stated the defendants' account with plaintiff.

32.     The defendants received and retained the plaintiffs' account without objection.

33.     The defendants are liable to the plaintiff for the account stated.

34.     The plaintiff is entitled to pre-judgment and post-judgment interest on the account stated and to an award of its costs and disbursements of this action.

## SECOND CLAIM:  BREACH OF CONTRACT

35.     The plaintiff repeats and incorporates by reference all other paragraphs of this complaint.

36.     The defendants have breached their contracts to pay the plaintiff for its services and to reimburse the plaintiff for the expenses the plaintiff incurred in the course of its work for the defendants.

37.     The defendants owe the plaintiff the amount of its fees and expenses as set forth in its invoices.

38.     The plaintiff is entitled to pre-judgment and post-judgment interest on the amount of its damages and to an award of its costs and disbursements of this action.

## THIRD CLAIM:  QUANTUM MERUIT

39.     The plaintiff repeats and incorporates by reference all other paragraphs of this complaint.

40.     The defendants owe the plaintiff the reasonable value of the unpaid services provided and expenses incurred by the plaintiff in the course of its work for the defendants.

41.     The reasonable value of the defendants, unpaid services and expenses is at least the amount of the plaintiff's unpaid invoices.

42.     The plaintiff is entitled to pre-judgment and post-judgment interest on the value of its services and expenses and to an award of its costs and disbursements of this action.

## FOURTH CLAIM:  UNJUST ENRICHMENT

43.     The plaintiff repeats and incorporates by reference all other paragraphs of this complaint.

44.     The defendants induced the plaintiff to provide services and to incur expenses for their benefit.

45.     The defendants repeatedly promised to pay the plaintiff for its services and the expenses it incurred, and the plaintiff continued to provide services and incur expenses to its detriment in reasonable reliance on those promises.

46.     The defendants obtained, accepted, and retained for their use the value of the unpaid services and expenses that the plaintiff provided and incurred for the defendants' benefit.

47.     In equity, fairness, and good conscience, the defendants are obligated to pay the plaintiff the reasonable value of the services and expenses the plaintiff provided for the defendants' benefit that the defendants obtained, accepted, and retained without payment.  The reasonable value of the plaintiff's unpaid services and expenses are at least the amount of the plaintiff's unpaid invoices.

48.     The defendants are unjustly enriched by their obtaining, accepting, and retaining the value of the plaintiff's unpaid services and expenses without payment.

49.     The defendants have been unjustly enriched in the amount of the value of the plaintiff's services and expenses which is at least the amount stated in its invoices.

50.     The plaintiff is entitled to pre-judgment and post-judgment interest on the amount of the value of its services and to an award of its costs and disbursements of this action.

## JURY TRIAL DEMAND

51.     The plaintiff demands trial by jury of all claims and issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them, awarding the plaintiff:

(1)     damages in the amount proved by the plaintiff;

(2)     pre-judgment and post-judgment interest;

(3)     its fees, costs, and disbursements of this action; and

(4)     such other and further relief as is just, proper and necessary.


Dated:  New York, NY
        June 8, 2011


                                        PLAINTIFF


                                        By _____
                                              Richard A. Cirillo
                                        King & Spalding LLP
                                        1185 Avenue of the Americas
                                        New York, NY 10036-4003
                                        Telephone: 212-556-2100
                                        Direct:      212-556-2337
                                        Telecopier: 212-556-2222
                                        E-mail: rcirillo@kslaw.com